## Canfield *v.* Nagle, Appellant.

*Set-off—Contract—Evidence.*

In an action by E. Canfield's Sons to recover the price of a carload of lumber, it appeared that the defendant bought the lumber through A. E. Canfield who did not represent himself to be a member of the plaintiff firm. The order for the lumber and the bill forwarded in advance of the lumber showed the names of two persons as members of the firm, but not the name of A. E. Canfield. Defendant sought to set off a claim which he had for work on the property of Mrs. A. E. Canfield. It seems that Mrs. Canfield had agreed that a village improvement association should do this work for which she was to pay. The association turned the work over to the defendant. The defendant admitted that he had no contract with A. E. Canfield or his wife for this work. *Held,* that there was no error in excluding the set-off.

Argued Dec. 3, 1901. Appeal, No. 30, Oct. T., 1901, by defendant, from judgment of C. P. Montgomery Co., June T., 1900, No. 51, on verdict for plaintiff in case of H. P. Canfield and E. A. Canfield, trading as E. Canfield's Sons, *v.* L. A. Nagle. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for a carload of lumber. Before WEAND, J.

At the trial the court overruled the offer of set-off recited in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $205.74. Defendant appealed.

*Errors assigned,* among others, were in overruling the offer of set-off.

*John Faber Miller,* for appellant.

*Jere B. Larzelere, Jr.,* with him *Jacob B. Hillegass* for appellee.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

As said by the appellant in his argument, the assignments raise only the question of his right to introduce a certain set-off. The action is brought by the firm of E. Canfield's Sons,

wholesale lumbermen at Williamsport, Pa., for the price of a carload of lumber shipped by them to the defendant, a retail lumber dealer at Wyncote, Pa., and received by him. The sale was effected by A. E. Canfield, who, as the defendant admits, did not represent himself to be a member of the plaintiff firm, but as "selling lumber." In the written order for the lumber, a copy of which was left with the defendant, it appears that the lumber was to be shipped by "E. Canfield's Sons, Williamsport, Pa." A bill was forwarded by this firm to the defendant, in advance of the receipt of the lumber by him, showing in the heading the names of H. P. Canfield and N. A. Canfield, and, in red type, that "settlements in all cases must be made payable to the order of E. Canfield's Sons." A waybill was also received by the defendant showing shipment by the plaintiff firm. On arrival of the goods the defendant wrote to the said firm calling attention to, and claiming credit for, certain "culls" or defective lumber.

To the claim thus made out the defendant sets up the right to a set-off. Mrs. A. E. Canfield owned a piece of property in Wyncote, in front of which, together with other property on the same street, some street improvements were to be made by the Wyncote Improvement Association. For this work she was to pay. The association turned the work over to the defendant here. He now says that he bought the carload of lumber from A. E. Canfield, dealing with him as a principal, and that he should be permitted to set off the cost of the work done in front of Mrs. Canfield's property. This would be straining the doctrine of set off beyond reason. First, because the evidence was well-nigh conclusive upon the defendant that A. E. Canfield was not the vendor of the lumber. The transaction upon its face shows that which at least would have put an ordinarily prudent purchaser upon inquiry as to whether the party with whom he was dealing was in fact his vendor: Bradlee v. Whitney, 108 Pa. 362. Second, assuming that A. E. Canfield was the defendant's vendor, a claim against his wife or her property could certainly not be used as a set-off in a claim against him without her expressed assent. Third, the claim against Mrs. Canfield, attempted to be set off, is, on the defendant's own showing, due to the improvement association with whom he had his contract. He exhibits no succession to

any rights the association may have had against her or her property. She may have discharged any obligation to them. Fourth, for aught that appears, the defendant may have been paid by the association for the work done in front of Mrs. Canfield's property under his contract with the association. He distinctly admits that he had "no contract whatever with Mr. A. E. Canfield or his wife to do any paving in front of her property" and asserts that his "contract was with the Wyncote Improvement Company."

We see no error in the exclusion of the offered set-off and the judgment is, therefore, affirmed.